**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
ANAIS FERNANDEZ,

                      Plaintiff,

      -against-

LA GOULUE, LLC, CRAIG POGSON,
ANTOINE CAMIN and JEAN-MARC NEYRET,

                      Defendants.
-------------------------------------------------------------X

Case No.

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff Anais Fernandez ("Fernandez" or "Plaintiff") alleges against Defendants La Goulue, LLC ("La Goulue" or "Restaurant"), Craig Pogson ("Pogson"), Antoine Camin ("Camin") and Jean-Marc Neyret ("Neyret") (collectively, "Defendants") upon information and belief, as follows:

## NATURE OF THE CLAIMS

1. Fernandez, a former female employee at La Goulue, was sexually harassed on an ongoing and pervasive basis by Pogson – Managing Partner and Camin – Executive Chef and Operating Partner. To make matters worse, when Fernandez mustered the courage to complain to Neyret – General Manager, no remedial action was taken. Left with no alternative, Fernandez was constructively terminated.

2. Thankfully, the New York City anti-discrimination and anti-retaliation laws are intended to afford women the same rights as any other employee, and provide females with the dignity and respect they deserve in the workplace. As such, this is an action for declaratory, injunctive and monetary relief to redress Defendants' unlawful employment practices, including unlawful discrimination and retaliation committed against the

Plaintiff. The unlawful discrimination, hostile work environment and retaliation described herein was committed in violation of the New York City Human Rights Law ("NYCHRL").

## JURISDICTION AND VENUE

3. This Court has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

4. Fernandez, at all times relevant to the Complaint, was, and still is, a citizen of the State of New Jersey.

5. La Goulue, was, and still is, a New York State limited liability company.

6. Pogson, upon information and belief, was and is a New York State resident.

7. Camin, upon information and belief, was and is a New York State resident.

8. Neyret, upon information and belief, was a New York State resident.

9. The allegations contained within this Complaint indicate that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

11. Plaintiff Anais Fernandez ("Fernandez" or "Plaintiff") is a female individual who is a resident of Bergen County in the State of New Jersey.

12. Defendant La Goulue 61, LLC ("La Goulue" or "Restaurant") was and is a foreign limited liability company organized and existing under and by virtue of the laws of the State of Delaware.

13. La Goulue was and is authorized to conduct business in the State of New York.

14. La Goulue was and is located at 29 E 61st Street, New York NY 10065.

15. Defendant Craig Pogson ("Pogson"), upon information and belief, was and is a resident of the State of New York.

16. Pogson was employed by La Goulue as a Managing Partner.

17. Defendant Antoine Camin ("Camin"), upon information and belief, was and is a resident of the State of New York.

18. Camin was and is employed by La Goulue as Executive Chef and Operating Partner.

19. Defendant Jean-Marc Neyret ("Neyret"), upon information and belief, was a resident of the State of New York.

20. Neyret was and is employed by La Goulue as General Manager.

## FACTUAL ALLEGATIONS

21. On or about January 2018, Fernandez commenced employment with La Goulue.

22. Fernandez worked for La Goulue at 29 E 61st Street, New York NY 10005.

23. Fernandez was employed by La Goulue as a reservationist.

24. Fernandez earned $19.00 per hour.

25. For the first four months of her employment, Fernandez typically worked from 9am to 430pm, Monday to Friday.

26. For the remainder of Fernandez's employment, she typically worked from 8am to 5pm.

27. Fernandez's job responsibilities increased with time, as she performed work on payroll, new hires, invoices, private events and social media.

Sexual Harassment, Gender Discrimination and Hostile Work Environment

28. On an ongoing and pervasive basis, Fernandez was sexually harassed, discriminated against and forced to endure a hostile work environment because of her gender / sex.

29. At one of the first events Fernandez worked on, Pogson pulled Fernandez off the floor and said to Fernandez, You're a young lady.  You should be grateful for this opportunity.

30. Pogson would call Fernandez "Cherub."

31. Pogson would also call Fernandez "Petal."

32. Pogson would also call a La Goulue female hostess Ebony (last name currently unknown) "Cherub" and "Petal."

33. Pogson would make comments about Fernandez either not wearing a bra or needing to wear a bra.

34. Specifically, Pogson would say to Fernandez, Nice headlights.

35. Further, Pogson would say, It's a little hot. I think Anais (Fernandez) needs to get a little chilly.

36. Pogson would also tell Fernandez that she should get laid.

37. Additionally, Pogson would ask Fernandez, Why don't you hook up with this server?

38. Pogson would also try to set Fernandez up with personal friends of his.

39. Pogson would often make these comments to Fernandez in Neyret's presence.

40. Neyret took no remedial action in response to the inappropriate comments.

41. Pogson would say to Fernandez, Your trousers are quite large.  Be careful getting through the door.

42. Pogson would also tell Fernandez, Your butt is quite large in those dresses and Your butt looks good in that dress.

43. Pogson would ask Fernandez, Who are you sleeping with?

44. Pogson would also ask Fernandez, Do you have a date tonight?

45. In addition to the unwelcome comments, Pogson would also touch Fernandez without her consent.

46. For instance, on several occasions, Pogson would touch Fernandez's back to see if she was wearing a bra.

47. Pogson would tell Fernandez that she should be grateful to have this job as a young lady and she owed it to them to put up with their harassment.

48. Pogson would also have Fernandez run personal errands for him, such as dropping off his shoes at the shoe repair shop.  When Pogson gave Fernandez a task such as this, he would say, Here is something for a young lady to do.

49. Pogson would repeatedly refer to Fernandez as a "young lady."

50. Pogson took Fernandez's phone and texted his friend (Alex Shepard), without Fernandez knowing, to say Fernandez thought Alex Shepard was cute and amazing.  Shepard texted Fernandez's phone back, saying Thank you darling, I think you're cute and amazing too.  When Fernandez confronted Pogson about the text messages, Pogson laughed.

51. Camin also sexually harassed Fernandez.

52. On at least one occasion, Camin slapped Fernandez's butt, without invitation.

53. The kitchen staff witnessed Camin slap Fernandez's butt.

54. Camin would also pinch Fernandez's stomach, without consent.

55. Camin would also pinch Fernandez's leg, without consent.

56. Camin also told Fernandez (after looking at her legs), You need to start waxing.

57. Camin texted Fernandez, "Don't make me spank you."

58. Camin also texted Fernandez a picture of Honey Boo Boo squeezing her stomach and wrote, "You in 6 months."

59. In the office downstairs at the restaurant, Pogson asked Fernandez (with Camin present), Is there something you would like to tell us?  We would like to know who you are dating. After Fernandez disclosed who she was dating, Pogson asked, Did you two screw in the office?  Then, Pogson left the office.  Camin then closed the door and told Fernandez, I don't think you two should be together.  We don't want you dating him.  It's not a good fit.

Retaliation

60. Fernandez would complain about the sexual harassment to Neyret.

61. Neyret would ignore Fernandez's complaints and took no remedial action.

62. Rather, Neyret merely told Fernandez that she was a young girl and that was why Pogson and Camin were treating her that way.

63. Neyret would also cry to Annalisa Villanueva (Company Vice President of Finance) about the sexual harassment she was forced to endure.

64. In the summer of 2018, the sexual harassment became so severe, that Fernandez considered leaving the job.  However, Camin told Fernandez that he would tone things down and would talk to Pogson about toning things down as well.  Neyret was present for this conversation.  Based on Camin's promises, Fernandez elected to remain at the job.

65. However, the sexual harassment started up again soon thereafter and escalated with time.

66. In February 2019, unable to endure the sexual harassment any further, Fernandez was constructively terminated.

67. Fernandez was treated less well because of her gender / sex.

68. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

69. As a result of the Defendants actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

70. As a result of the Defendants actions, Plaintiff has suffered economic loss.

71. As a result of the Defendants actions, Plaintiff suffered severe emotional distress.

72. As Defendants conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages.

**FIRST CAUSE OF ACTION**
**(Discrimination in Violation of NYCHRL)**

73. Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

74. The Administrative Code of the City of New York § 8-107 [1] provides that, "It shall be an unlawful discriminatory practice: "(a) For an employer or agent thereof, because of the actual or perceived age, race, creed, color, national origin, **gender**, disability, marital status, sexual orientation, or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

75. Plaintiff engaged in an unlawful discriminatory practice in violation of the New York City Administrative Code Title 8, § 8-107(a) by creating and maintaining discriminatory working conditions and discriminating against the Plaintiff because of her gender / sex.

76. That as a direct result of the foregoing, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## SECOND CAUSE OF ACTION
### (Hostile Work Environment in Violation of NYCHRL)

77. Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

78. Pursuant to the NYCHRL, a Plaintiff can establish a hostile work environment claim if she can show that was treated less well than other employees because of her protected class.

79. Plaintiff was treated less well by the Defendants because of her gender / sex.

80. That as a direct result of the foregoing, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## THIRD CAUSE OF ACTION
### (Retaliation in Violation of NYCHRL)

81. Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

82. The New York City Administrative Code Title 8, § 8-107(1)(e) provides that it shall be an unlawful retaliatory practice: "For an employer… to discharge… or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter…"

83. Defendants engaged in an unlawful discriminatory practice in violation of the New York City Administrative Code Title 8, § 8-107(1)(e) by retaliating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of the Defendants.

84. Defendants engaged in an unlawful discriminatory practice by retaliating against the Plaintiff for making a complaint regarding Defendants' violation of the NYCHRL.

85. That as a direct result of the foregoing, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

A. A declaratory judgment that the practices complained of herein are unlawful under applicable city law;

B. An injunction and order permanently removing and clearing information to the contrary contained in Plaintiff's employee file and restraining Defendants from engaging in such unlawful conduct;

C. An order directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, and other benefits of employment;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for the loss of benefits, promotions, raises and opportunities;

F. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for her mental anguish, humiliation,

embarrassment, stress and anxiety, emotional and psychological pain and suffering, and emotional and psychological distress;

G. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff the harm to her professional and personal reputation and loss of career fulfillment;

H. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

I. An award of punitive damages;

J. An award of costs and attorneys' fees pursuant to applicable law; and

K. An award of such other relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: November 20, 2020
New York, New York

                Respectfully submitted,

                **Akin Law Group PLLC**

                By: */s/ Robert D. Salaman*
                      Robert D. Salaman
                      Zafer A. Akin

                45 Broadway, Suite 1420
                New York, NY 10006
                Telephone:  (212) 825-1400
                Facsimile:   (212) 825-1440
                rob@akinlaws.com
                zafer@akinlaws.com

                *Counsel for Plaintiff*